UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

2007 SEP 13  A II: 02

| | | |
|---|---|---|
| David Hightower, #256047, *formerly #178381*, | ) ) ) | C/A No.   2:07-2708-CMC-RSC |
| Petitioner, | ) ) | |
| vs. | ) ) | |
| Colie L. Rushton, Warden of MCI, | ) ) | Report and Recommendation |
| Respondent. | ) ) ) | |

The petitioner, David Hightower ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1]   Petitioner is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Petitioner has filed a previous § 2254 petition in this Court, which was dismissed as untimely, C/A 2:07-63-CMC-RSC.  The instant petition is likewise untimely.  This petition is also successive, and is presented without an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition.  This petition is therefore subject to summary dismissal.

### Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Although it is possible that Petitioner has exhausted his state court remedies, his petition is successive.

As noted above, Petitioner has filed a prior § 2254 habeas corpus action in this Court. This Court may take judicial notice of Petitioner's prior § 2254 case. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Petitioner's prior § 2254 case was dismissed as untimely. *See* C/A 2:07-63-CMC-RSC, Report and Recommendation of February 22, 2007 and Order of April 25, 2007 adopting the Report and Recommendation.

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The date on which the challenged judgment became final by conclusion of direct review was February 21, 2002. Petition at 2. Therefore, Petitioner would need to have pursued state post-conviction relief by February 21, 2003, in order to remain within the AEDPA limitations period. However, Petitioner waited more than one year to file for state post-conviction relief, filing on April 23, 2003. Petition at 3.

Thus, Petitioner's previous petition was dismissed because it was untimely. A doctrine of equitable tolling sometimes applies to the statute of limitations, based on "extraordinary circumstances" beyond the inmate's control which cause delay. *Bilodeau v. Angelone*, 39 F.Supp.2d 652, 659 n.1 (E.D.Va. 1999). However, in the instant petition, no equitable tolling argument is presented

4

that could toll the limitations period that had already expired when the previous petition was filed. When given the opportunity to discuss the timeliness of the petition, Petitioner leaves the space blank. Petition at 13. Therefore, even if this petition was not successive, it would be subject to summary dismissal because it is untimely.[2]

However, this petition is successive. The grounds presented in the instant petition overlap somewhat with those in the former case. Regardless of whether they have been presented before, however, they cannot be presented in this successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed" 28 U.S.C. § 2244(b)(1). And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.[3]     Petitioner has presented no

---

[2] "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

[3] An exception applies if: 28 U.S.C. § 2244(b)(2)(A) the applicant shows that the
    claim relies on a new rule of constitutional law, made
    retroactive to cases on collateral review by the Supreme
    Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have
    been discovered previously through the exercise of due
    diligence; and
    (ii) the facts underlying the claim, if proven and viewed
(continued...)

5

arguments that relate to any of the statutory exceptions.

The "AEDPA does not define 'second or successive'". *US v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive). While a dismissal for failure to exhaust administrative remedies is not an adjudication "on the merits," as discussed in *Slack*, a dismissal of a petition as untimely renders a subsequent petition successive because habeas relief is precluded outside of the limitations period in the absence of a valid equitable tolling argument.

As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules.[4]

---

(...continued)
> in light of the evidence as a whole, would be sufficient
> to establish by clear and convincing evidence that, but
> for constitutional error, no reasonable factfinder would
> have found the applicant guilty of the underlying
> offense.

[4] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28

(continued...)

6

*Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D.Ind. 1996).

## Conclusion

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as untimely, and as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

September **13** , 2007
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

Petitioner's attention is directed to the important notice on the following page.

---

(...continued)
U.S.C. § 2244(b)(3) and (4)."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).